

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

**ANDIN INTERNATIONAL, INC.**

         **Plaintiff,**

  v.

**YURMAN STUDIO, INC.,**

         **Defendant.**

-------------------------------------------------------X

**CIVIL ACTION NO.:**
**ECF CASE**

## COMPLAINT FOR DECLARATORY JUDGMENT
## OF NON-COPYRIGHT INFRINGEMENT

Plaintiff Andin International, Inc. (hereinafter "Andin"), by and through its undersigned attorneys, for its Complaint against Defendant Yurman Studio, Inc. (hereinafter "Defendant Yurman"), alleges as follows:

1.    This declaratory judgment action arises under the copyright laws of the United States, 17 U.S.C. § 101, et seq. and seeks a declaration that Andin has not infringed upon any claimed copyright rights of Defendant Yurman in its Pave Collection Enhancer D06384.

2.    This is also an action under New York State Common Law for tortious interference with contractual relations.

### JURISDICTION AND VENUE

3.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 with respect to the claims arising under the Copyright Act, 17 U.S.C. §101, et seq. and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. Jurisdiction over the New York State Common Law claim is proper pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c)

because this is an action brought pursuant to the Copyright Act, because Defendant Yurman resides and/or conducts business in this judicial district, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES AND FACTS COMMON TO ALL COUNTS

5.      Andin is a corporation organized and existing under the laws of the State of New York, located and doing business at 609 Greenwich Street, New York, New York 10014.

6.      Andin designs, manufactures, markets and distributes in the United States a wide variety of jewelry items, from rings to necklaces to pendants. Andin employs an in-house design team to create its jewelry designs, and it is a major marketer of jewelry in this country.

7.      Defendant Yurman is a New York corporation that, upon information and belief, has an office in New York City, is doing business in this district, transacts business within this district, derives revenue from intrastate and interstate commerce, and Defendant Yurman is otherwise within the jurisdiction of this Court.

8.      David Yurman is the chief executive officer of Defendant Yurman.

9.      In early 2007, Andin created a pave ring (the "Andin Ring"), an image of which is attached as Exhibit A, that was inspired by a ring, an image of which is attached as Exhibit B, which was in Andin's possession. This prior ring was in the marketplace as early as October 2006 and was marketed by a company known as Vardi Gem Lustre LLC.

10.     The ring used by Andin as inspiration had a North/South orientation of the rectangular band that surrounded the pave field on the ring when worn on a wearer's finger (the "North/South Ring").

11.    On information and belief, Yurman was aware that the North/South Ring was in the marketplace and took no legal action with respect thereto.

12.    The Andin Ring was shown to customers and presented to the marketplace at the Las Vegas JCK Show in June 2007.

13.    Subsequently, due to customers' requests, and utilizing the design of the Andin Ring, Andin created a pendant (the "Andin Pendant"), an image of which is attached as Exhibit C, and a pair of earrings (the "Andin Earrings"), an image of which is attached as Exhibit D.

14.    On or about January 16, 2008, Andin received notice that cease and desist letters from attorneys for Defendant Yurman had previously been sent to Sam's Club/Wal-Mart, Andin's customer, alleging that the Andin Ring, as well as the Andin Pendant and the Andin Earrings, infringed Defendant Yurman's purported copyright rights in its Copyright Registration No.VA1–024-276, issued August 21, 2000, entitled Pave Collection Enhancer D06384. A copy of Copyright Registration No. VA1–024-276 is attached as Exhibit E.

15.    The letters from Defendant Yurman's attorneys further demanded that Sam's Club/Wal-Mart immediately cease and desist all marketing and sales of the allegedly infringing Andin Ring, Andin Pendant and Andin Earrings. After receiving these letters, Sam's Club/Wal-Mart took the Andin Ring, Andin Pendant and Andin Earrings off sale.

16.    Sam's Club/Wal-Mart was and is fully indemnified by Andin with respect to its sales of the Andin Ring, Andin Pendant and Andin Earrings. Notwithstanding this full indemnity, Sam's Club/Wal-Mart continues to hold the Andin Ring, Andin Pendant and Andin Earrings off sale.

-3-

17.    On January 23, 2008 David Yurman called Ofer Azrielant, chairman of Andin, and complained that the Andin Pendant and the Andin Earrings infringed Defendant Yurman's alleged rights in the Pave Collection Enhancer D06384.  When the conversation turned to the Andin Ring, Mr. Yurman indicated that he did not have an issue with the Andin Ring and stated that the Andin Ring had been included in the cease and desist letters because of an error by Defendant Yurman's in-house counsel.  Subsequently, however, counsel for Defendant Yurman maintained the position that the Andin Ring infringed Defendant Yurman's alleged rights in the Pave Collection Enhancer D06384.

<u>COUNT I</u>

<u>DECLARATION THAT THE ANDIN RING DOES NOT INFRINGE DEFENDANT YURMAN'S PURPORTED COPYRIGHT RIGHTS IN ITS PAVE COLLECTION ENHANCER D06384</u>

18.    Andin repeats and realleges each allegation in paragraphs 1 through 17 as if set forth in full herein.

19.    Andin has sold and intends to continue to sell the Andin Ring to the jewelry trade.

20.    Defendant Yurman, through its counsel, has asserted that the Andin Ring infringes its alleged copyright rights in the Pave Collection Enhancer D06384.

21.    Sam's Club/Wal-Mart has informed Andin that in view of Defendant Yurman's demand, it has taken the Andin Ring off sale.

22.    Andin believes and alleges that its Andin Ring does not infringe any valid copyright rights of Defendant Yurman in the  Pave Collection Enhancer D06384.

23.    Andin believes and alleges that the Andin Ring was created independently of Defendant Yurman's Pave Collection Enhancer D06384 and rather was inspired by the North/South Ring, which was already in the marketplace.

24.    Andin believes and alleges that it had no access to Defendant Yurman's Pave Collection Enhancer D06384.

25.    Andin believes and alleges that the Andin Ring has not been copied from and is not substantially similar to Defendant Yurman's Pave Collection Enhancer D06384.

26.    The holding off sale by Sam's Club/Wal-Mart of the Andin Ring will cause and has caused significant financial damage to Andin.

27.    Andin's reputation for the sale of legitimate non-infringing jewelry products has been and will be substantially harmed by Defendant Yurman's claims of copyright infringement.

28.    In view of the foregoing, there has been and now is an actual controversy between Andin and Defendant Yurman regarding the non-infringement of Defendant Yurman's purported copyright rights in the Pave Collection Enhancer D06384.

## COUNT II

## DECLARATION THAT THE ANDIN PENDANT AND ANDIN EARRINGS DO NOT INFRINGE DEFENDANT YURMAN'S PURPORTED COPYRIGHT RIGHTS IN ITS PAVE COLLECTION ENHANCER D06384

29.    Andin repeats and realleges each allegation in paragraphs 1 through 28 as if set forth in full herein.

30.    Andin has sold and intends to continue to sell the Andin Pendant and

-5-

Andin Earrings to the jewelry trade.

31.    Defendant Yurman, through its counsel, has asserted that the Andin Pendant and Andin Earrings infringe its alleged copyright rights in the Pave Collection Enhancer D06384.

32.    Sam's Club/Wal-Mart has informed Andin that in view of Defendant Yurman's demands, it has taken the Andin Pendant and Andin Earrings off sale.

33.    Andin believes and alleges that the Andin Pendant and Andin Earrings, which were modeled on the Andin Ring, do not infringe Defendant Yurman's alleged copyright rights in the Pave Collection Enhancer D06384.

34.    Andin believes and alleges that the Andin Pendant and Andin Earrings were created independently of Defendant Yurman's Pave Collection Enhancer D06384 and were modeled on the Andin Ring.

35.    Andin believes and alleges that it had no access to Defendant Yurman's Pave Collection Enhancer D06384.

36.    Andin believes and alleges that the Andin Pendant and Andin Earrings have not been copied from and are not substantially similar to Defendant Yurman's Pave Collection Enhancer D06384.

37.    The holding off sale by Sam's Club/Wal-Mart of the Andin Pendant and Andin Earrings will cause and has caused financial damage to Andin.

38.    Andin's reputation for the sale of legitimate non-infringing jewelry products has been and will be substantially harmed by Defendant Yurman's claims of copyright infringement.

39.    In view of the foregoing, there has been and now is an actual controversy between Andin and Defendant Yurman regarding the non-infringement of Defendant Yurman's purported copyright rights in the Pave Collection Enhancer D06384.

## COUNT III

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

40.    Andin repeats and realleges each allegation in paragraphs 1 through 39 as if set forth in full herein.

41.    This count for tortious interference with contractual relations is brought under the common law of the State of New York.

42.    Sam's Club/Wal-Mart is a customer of Andin for the Andin Ring, Andin Pendant and Andin Earrings pursuant to various contracts, and contractual relationships exist between Andin and Sam's Club/Wal-Mart with respect to the Andin Ring, Andin Pendant and Andin Earrings.

43.    As noted, Sam's Club/Wal-Mart has placed its inventory of the Andin Ring, Andin Pendant and Andin Earrings off sale, due its receipt of the cease and desist letters referred to in paragraph 14 hereof.  This was Defendant Yurman's intention.

44.    As a result of the aforementioned notice letters, Sam's Club/Wal-Mart is now declining and may in the future decline to sell the Andin Ring, Andin Pendant and Andin Earrings to the public.

45.    Defendant Yurman knew or should have known of the contractual relationship between Sam's Club/Wal-Mart and Andin.

46.    Defendant Yurman knew or should have known that the Andin Ring,

Andin Pendant and Andin Earrings, as being sold by Sam's Club/Wal-Mart, did not infringe any of Defendant Yurman's alleged copyright rights in the Pave Collection Enhancer D06384.

47.    As stated in paragraph 17 hereof, David Yurman of Defendant Yurman informed Ofer Azrielant of Andin that the Andin Ring was not a subject of the present controversy. Notwithstanding this position, Defendant Yurman refused to communicate this position regarding the Andin Ring to Sam's Club/Wal-Mart.

48.    Based upon the foregoing, Defendant Yurman wrongfully interfered with contractual relationships between Andin and Sam's Club/Wal-Mart to Andin's substantial detriment.

49.    Andin has suffered substantial financial harm and loss of reputation from Defendant Yurman's activities, in an amount not yet specifically determined.

WHEREFORE, Andin prays for a judgment against Defendant Yurman as follows:

A.    For judgment declaring that Defendant Yurman's copyright rights in the Pave Collection Enhancer D06384 are not infringed by the Andin Ring sold by Andin;

B.    For judgment declaring that Defendant Yurman's copyright rights in the Pave Collection Enhancer D06384 are not infringed by the Andin Pendant and Andin Earrings sold by Andin;

C.    Awarding Andin its damages from Defendant Yurman's wrongful acts in view of Defendant Yurman's tortious interference with Andin's contractual relationship with its customers;

D.    Awarding Andin its costs, expenses and reasonable attorney fees as

permitted by law; and

        E.     Awarding Andin such other and further relief as the Court may deem just

and proper.

Dated: New York, New York         GOTTLIEB, RACKMAN & REISMAN, P.C.
       February 5, 2008           Attorneys for Plaintiff
                              270 Madison Avenue, 8th Floor
                              New York, New York 10016
                              Tel. (212) 684-3900

              By:      _____
                      George Gottlieb (GG-5761)
                      ggottlieb@grr.com

                      Marc P. Misthal (MPM-6636)
                      mmisthal@grr.com

EXHIBIT A



EXHIBIT B





# EXHIBIT C



EXHIBIT D



EXHIBIT E

SEP-07-2000  18:27    YURMAN DESIGN    212 593 1597    P.06/18

# CERTIFICATE OF REGIS..RATION



UNITED STATES COPYRIGHT OFFICE
THE LIBRARY OF CONGRESS

**OFFICIAL SEAL**

## FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-024-276**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS

EFFECTIVE DATE OF REGISTRATION

Aug 21 2000
Month    Day    Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

---

**1**    TITLE OF THIS WORK ▼
Pave Collection Enhancer D06384

NATURE OF THIS WORK ▼ See instructions
Jewelry Design

PREVIOUS OR ALTERNATIVE TITLES ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼

If published in a periodical or serial give:  Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**    NAME OF AUTHOR ▼
**a**    David Yurman

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼
1942

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶ U.S.A.
{ Domiciled in ▶ New York

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☒ No
Pseudonymous? ☐ Yes  ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NATURE OF AUTHORSHIP Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art  ☒ Jewelry design  ☐ Architectural work

NAME OF AUTHOR ▼
**b**

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes  ☐ No
Pseudonymous? ☐ Yes  ☐ No

NATURE OF AUTHORSHIP Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work

---

**3**    Year in Which Creation of This Work Was Completed
**a**    1997
This information must be given in all cases.

**b**    Date and Nation of First Publication of This Particular Work
Complete this information Month ▶ March  Day ▶ 13  Year ▶ 1997
ONLY if this work has been published.    U.S.A. ◀ Nation

---

**4**    COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Yurman Design Inc.
50. Madison Avenue
New York, NY 10022

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
Assignment from David Yurman

APPLICATION RECEIVED
AUG 21 2000
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
AUG 21 2000
FUNDS RECEIVED

---

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-8) on the reverse side of this page.    DO NOT WRITE HERE
• See detailed instructions.    • Sign the form at line 8.    Page 1 of ___ pages

| EXAMINED BY | DW | FORM VA |
|---|---|---|
| CHECKED BY | | |

☐ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

a
b

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼          **Account Number** ▼

**7**
a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   **Name/Address/Apt/City/State/ZIP** ▼

Joseph Ramirez/Yurman Design Inc.
501 Madison Avenue
New York, NY  10022

b

Area code and daytime telephone number ▶ (212) 896-1550          Fax number ▶ (212) 593-1597
Email ▶ jramirez@davidyurman.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of __Yurman Design Inc.__
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Joseph Ramirez                                              Date▶ July 28, 2000

Handwritten signature (X) ▼
X

| | |
|---|---|
| Certificate will be mailed in window envelope to this address. | **Name** ▼ Yurman Inc. / Joseph Ramirez |
| | **Number/Street/Apt** ▼ 501 Madison Avenue |
| | **City/State/ZIP** ▼ New York, NY  10022 |

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $30 fee in check or money order payable to Register of Copyrights
3. Deposit material

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.
June 199__—100,000
WEB REV: June 1999

☼ PRINTED ON RECYCLED PAPER

✩U.S. GOVERNMENT PRINTING OFFICE: 1999-45-179/71

DO6384



PAVE