Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000
Attorneys for Defendant-Counterclaimant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANDIN INTERNATIONAL, INC.

Plaintiff,

- against -

YURMAN STUDIO, INC.

Defendant.

YURMAN STUDIO, INC.

Defendant-Counterclaimant,

- against -

ANDIN INTERNATIONAL, INC. and WAL-MART STORES, INC.

Counterclaim-Crossclaim Defendants.

Civil Action No.

**ANSWER, COUNTERCLAIM AND CROSSCLAIM**

Plaintiff Yurman Studio, Inc. ("Yurman"), by and through its undersigned attorneys, by way of Answer to the Complaint of Andin International, Inc. ("Andin") and for its cross- and counterclaim against Andin and Wal-Mart Stores, Inc., doing business under the fictitious business name Sam's Club ("Sam's Club"), hereby answers and alleges as follows:

## ANSWER

1. In response to Paragraph 1 of the Complaint, Yurman admits that the Complaint purports to arise under the Copyright Act, 17 U.S.C. § 101, et seq., but otherwise denies that Andin is entitled to any relief against Yurman as alleged in the Complaint.

2. In response to Paragraph 2 of the Complaint, Yurman admits that the Complaint purports to include an action for tortious interference with contract under New York State law, but otherwise denies that Andin is entitled to any relief against Yurman as alleged in the Complaint.

## JURISDICTION AND VENUE

3. In response to Paragraph 3 of the Complaint, Yurman admits that the Court has subject matter jurisdiction.

4. In response to Paragraph 4 of the Complaint, Yurman admits that venue is proper in this district.

## PARTIES AND FACTS COMMON TO ALL COUNTS

5. In response to Paragraph 5 of the Complaint, Yurman denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

6. In response to Paragraph 6 of the Complaint, Yurman denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

7. Yurman admits the allegations contained in Paragraph 7 of the Complaint.

8. Yurman admits the allegations contained in Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint, Yurman denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

10. In response to Paragraph 10 of the Complaint, Yurman denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

11. Yurman denies the allegations contained in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Yurman denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

13. In response to Paragraph 13 of the Complaint, Yurman denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

14. In response to Paragraph 14 of the Complaint, Yurman admits that it sent a cease and desist letter to Sam's Club and refers the Court to said letter for the contents thereof. Except as so admitted, Yurman denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

15. In response to Paragraph 15 of the Complaint, Yurman admits that it sent a Cease and Desist letter to Sam's Club and refers the Court to said letter for the contents thereof. Yurman further admits, upon information and belief, that Sam's Club removed the items from sale. Yurman states that, upon information and belief, the reason why Sam's Club took the Pave Enhancer Infringements (as defined below) off sale is that Sam's Club received an independent opinion of intellectual property counsel that such items infringed Yurman's copyright in the Pave Collection Enhancer D06384.

16. In response to Paragraph 16 of the Complaint, Yurman denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

17. Yurman denies the allegations contained in Paragraph 17 of the Complaint, except states that Yurman has consistently maintained the position that the Andin Ring infringes Yurman's copyright in the Pave Collection Enhancer D06384.

**COUNT I**

18. In response to Paragraph 18 of the Complaint, Yurman re-alleges and incorporates by reference Paragraphs 1 through 17, inclusive, of this Answer as though fully set forth herein.

19. In response to Paragraph 19 of the Complaint, Yurman denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

20. Yurman admits the allegations contained in Paragraph 20 of the Complaint.

21. In response to Paragraph 21 of the Complaint, Yurman denies knowledge or information sufficient to form a belief as to the truth of the allegations therein, except states, upon information and belief, that the reason why Sam's Club took the Pave Enhancer Infringements (as defined below) off sale is that Sam's Club received an independent opinion of intellectual property counsel that such items infringed Yurman's copyright in the Pave Collection Enhancer D06384.

22. Yurman denies the allegations contained in Paragraph 22 of the Complaint.

23. Yurman denies the allegations contained in Paragraph 23 of the Complaint.

24. Yurman denies the allegations contained in Paragraph 24 of the Complaint.

25. Yurman denies the allegations contained in Paragraph 25 of the Complaint.

26. Yurman denies the allegations contained in Paragraph 26 of the Complaint.

27. Yurman denies the allegations contained in Paragraph 27 of the Complaint.

28. Yurman admits the allegations contained in Paragraph 28 of the Complaint.

**COUNT II**

29. In response to Paragraph 29 of the Complaint, Yurman re-alleges and incorporates by reference Paragraphs 1 through 28, inclusive, of this Answer as though fully set forth herein.

30. In response to Paragraph 30 of the Complaint, Yurman denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

31. Yurman admits the allegations contained in Paragraph 31 of the Complaint.

32. In response to Paragraph 32 of the Complaint, Yurman denies knowledge or information sufficient to form a belief as to the truth of the allegations therein, except states,

upon information and belief, that the reason why Sam's Club took the Pave Enhancer Infringements (as defined below) off sale is that Sam's Club received an independent opinion of intellectual property counsel that such items infringed Yurman's copyright in the Pave Collection Enhancer D06384.

33. Yurman denies the allegations contained in Paragraph 33 of the Complaint.

34. Yurman denies the allegations contained in Paragraph 34 of the Complaint.

35. Yurman denies the allegations contained in Paragraph 35 of the Complaint.

36. Yurman denies the allegations contained in Paragraph 36 of the Complaint.

37. Yurman denies the allegations contained in Paragraph 37 of the Complaint.

38. Yurman denies the allegations contained in Paragraph 38 of the Complaint.

39. Yurman admits the allegations contained in Paragraph 39 of the Complaint.

**COUNT III**

40. In response to Paragraph 40 of the Complaint, Yurman re-alleges and incorporates by reference Paragraphs 1 through 39, inclusive, of this Answer as though fully set forth herein.

41. In response to Paragraph 41 of the Complaint, Yurman admits that the Complaint purports to include an action for tortious interference with contract under New York State law, but otherwise denies that Andin is entitled to any relief against Yurman as alleged in the Complaint.

42. In response to Paragraph 42 of the Complaint, Yurman denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

43. In response to Paragraph 43 of the Complaint, Yurman admits that it was Yurman's intention that as a result of its Cease and Desist letter Sam's Club would take the items off sale. Yurman further states that, upon information and belief, the reason why Sam's Club took the Pave Enhancer Infringements (as defined below) off sale is that Sam's Club received an

independent opinion of intellectual property counsel that such items infringed Yurman's copyright in the Pave Collection Enhancer D06384.

44. In response to Paragraph 44 of the Complaint, Yurman denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

45. Yurman denies the allegations contained in Paragraph 45 of the Complaint.

46. Yurman denies the allegations contained in Paragraph 46 of the Complaint.

47. Yurman denies the allegations contained in Paragraph 47 of the Complaint.

48. Yurman denies the allegations contained in Paragraph 48 of the Complaint.

49. Yurman denies the allegations contained in Paragraph 49 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

50. Andin's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

51. Andin's claims are barred, in whole or in part, by Andin's unclean hands.

WHEREFORE, Yurman requests that this Court enter judgment dismissing Andin's claims in their entirety and with prejudice, award the costs and disbursements associated with the defense of this action, and grant such other and further relief as this Court deems just and proper.

## CROSSCLAIM AND COUNTERCLAIM

52. On its crossclaim and counterclaim, Yurman seeks injunctive relief and damages for acts of copyright infringement engaged in by defendants in violation of the laws of the United States.

## JURISDICTION AND VENUE

53. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 (a). Yurman's claim is predicated upon the Copyright Act of 1976, as amended, 17 U.S.C.

§ 101 et seq.

54. Andin and Sam's Club are subject to personal jurisdiction within this district because they reside and or do business within this district, and, by advertising and selling the complained-of jewelry product, as more fully set forth below, both within and outside this judicial district, they have: (a) committed and threatened to commit acts of copyright infringement in this judicial district; (b) caused injury to Yurman in this judicial district; (c) purposely and directly targeted their activities at parties within this judicial district; and (d) derived substantial revenues from interstate commerce.

55. Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 1400(a), because Andin and Sam's Club are subject to personal jurisdiction within this judicial district and/or because a substantial part of the events giving rise to the claims herein occurred within this judicial district.

**THE PARTIES**

56. Counterclaimant Yurman Studio, Inc. is a corporation duly organized and existing under the laws of New York, and maintains its principal place of business at 24 Vestry Street, New York, New York, 10013.

57. Counterclaim defendant Andin International Inc. ("Andin") is a corporation organized and existing under the laws of New York, and maintains its principal place of business at 609 Greenwich Street, New York, New York, 10014.

58. Crossclaim defendant Wal-Mart Stores, Inc., doing business under the fictitious business name Sam's Club ("Sam's Club"), is a corporation organized and existing under the laws of Delaware, and maintains its principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716, and is qualified to do business and is doing business in the State of New York.

## YURMAN'S VALUABLE INTELLECTUAL PROPERTY RIGHTS

59. Yurman is a well-known designer, manufacturer and supplier of unique fine jewelry and luxury watch designs sold under the DAVID YURMAN brand name. Since its inception in 1980, Yurman has set new standards for designing and marketing jewelry, infusing the disciplines of art and fashion into the jewelry design process.

60. Yurman products are marketed to fashion-conscious consumers and are sold only through authorized David Yurman retailers, consisting of specialty retail stores and high-end department stores. Yurman is well-known by consumers and the trade for the quality of its products, the innovation and uniqueness of its designs, and its technological developments in jewelry design.

61. Over many years, Yurman has registered numerous copyrights in its unique and innovative jewelry designs with the United States Copyright Office. Currently, Yurman owns more than 75 United States copyright registrations covering its individual jewelry designs and collections of jewelry designs.

62. One of the jewelry designs that Yurman has registered with the United States Copyright Office is the Pave Collection Enhancer D06384 (Copyright Registration No. VA 1-024-276), which is a unique and innovative pendant design. A copy of the registration certificate for the Pave Collection Enhancer D06384 is attached hereto as Exhibit A.

63. Yurman owns all right, title and interest in the Pave Collection Enhancer D06384, which constitutes original and copyrightable subject matter under the Copyright Act.

64. The Pave Collection Enhancer D06384 is an original jewelry design that was first introduced in 1997, and has been sold continuously since that time. In addition, Yurman has sold various products derived from and related to the copyrighted Pave Collection Enhancer

D06384 design, including the Medium Pave Albion Enhancer, the Large Pave Albion Earring, the Small Pave Albion Earring and the Pave Diamond Albion Ring.

**THE INFRINGING CONDUCT OF DEFENDANTS**

65. Upon information and belief, Andin is in the business of designing, manufacturing, advertising, promoting, distributing, selling and/or offering for sale, among other things, articles of jewelry, catering predominantly to mass merchandisers and discount retail chains, and also sells through its website, www.Jewelry.com.

66. Upon information and belief, Andin designed, manufactured, sold and/or offered for sale, and/or is causing to be designed, manufactured, sold and/or offered for sale at wholesale, without authorization or license, a so-called Silver Pave Diamond Ensemble, which includes a ring, a pendant and earrings (collectively the "Pave Collection Infringements") that are substantially similar in overall appearance to Yurman's Pave Collection Enhancer D06384, and infringe Yurman's copyright in the Pave Collection Enhancer D06384.

67. Upon information and belief, Andin has been engaging in the above-described unlawful activities knowingly and intentionally, or with reckless disregard for Yurman's rights in the Pave Collection Enhancer D06384 design.

68. Upon information and belief, Sam's Club is a national mass merchandiser/"wholesale club", in the business of advertising, promoting, distributing, selling and/or offering for sale at retail, among other things, articles of jewelry, including, but not limited to, rings, earrings and pendants.

69. Upon information and belief, Sam's Club sells its products throughout the United States at Sam's Club stores, and via the Internet through its website, www.samsclub.com.

70. Upon information and belief, Sam's Club has purchased from Andin, and has actively advertised and promoted, without authorization or license, the Pave Collection

Infringements. A copy of a national advertisement from the December 3, 2007 issue of *People Magazine* showing the Pave Collection Infringements being sold by Sam's Club, is attached as Exhibit B.

71. Upon information and belief, Sam's Club has been engaging in the above-described unlawful activities knowingly and intentionally, or with reckless disregard for Yurman's rights in the Pave Collection Enhancer D06384 design.

**FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS — COPYRIGHT INFRINGEMENT**

72. Yurman repeats and realleges each and every allegation set forth in paragraphs 53 through 72 above as if fully set forth herein.

73. Andin and Sam's Club, without authorization from Yurman, have designed, manufactured, promoted, distributed, sold and/or offered for sale, and/or are causing to be designed, manufactured, promoted, distributed, sold and/or offered for sale, the Pave Collection Infringements, in violation of Yurman's copyright in the Pave Collection Enhancer D06384 design.

74. Andin and Sam's Club thereby have willfully infringed Yurman's copyright in the Pave Collection Enhancer D06384 design.

75. Upon information and belief, by their acts, Andin and Sam's Club have made and will make substantial profits and gains to which they are not in law or in equity entitled.

76. Upon information and belief, Andin and Sam's Club intend to continue their willfully infringing acts, and will continue to willfully infringe Yurman's copyright, unless restrained by this Court.

77. The acts of Andin and Sam's Club have damaged and will continue to damage Yurman, and Yurman has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Yurman demands judgment against defendants as follows:

1. That Andin and Sam's Club, and all of those acting in concert with them, including their agents and servants, be permanently enjoined from manufacturing, vending, importing, distributing, selling, promoting or advertising any copy, reproduction, colorable imitation of, or derivative work based upon the Pave Collection Enhancer D06384 design or any other proprietary Yurman design, including those to be identified during discovery, pursuant to §502(a) of the Copyright Act of 1976, as amended (17 U.S.C. §502(a)).

2. That Andin and Sam's Club be required to recall all infringing items and advertising and promotional materials, and thereafter to deliver up for destruction all infringing designs, artwork, packaging, advertising and promotional materials, and any means of making such infringing items, pursuant to §503 of the Copyright Act of 1976, as amended (17 U.S.C. §503).

3. That Andin and Sam's Club be directed to file with the Court and serve upon Yurman within thirty (30) days after service of the judgment upon defendants, a written report under oath setting forth in detail the manner in which the defendants have complied with the requirements set forth above in paragraphs 1 and 2.

4. That Andin and Sam's Club be directed to account to Yurman for all gains, profits and advantages derived from their wrongful acts pursuant to §504(b) of the Copyright Act of 1976, as amended (17 U.S.C. §504(b)).

5. That Andin and Sam's Club pay to Yurman any damages sustained by Yurman by reason of the defendants' purposefully wrongful acts, together with interest thereon, pursuant to §504(b) of the Copyright Act of 1976, as amended (17 U.S.C. §504(b)).

6. That Yurman be awarded statutory damages of (a) not less than $750 or more than $30,000 per individual infringing article of jewelry pursuant to 17 U.S.C. §504(c)(1), or, upon a finding of willful infringement pursuant to 17 U.S.C. §504(c)(2), up to $150,000 per individual infringing article of jewelry.

7. That Andin and Sam's Club pay to Yurman its reasonable attorney's fees incurred in connection with this action, pursuant to §505 of the Copyright Act of 1976, as amended (17 U.S.C. §505).

8. That Andin and Sam's Club pay to Yurman the costs and disbursements of this action pursuant to §505 of the Copyright Act of 1976, as amended (17 U.S.C. §505).

9. That Yurman be awarded pre-judgment interest on any monetary award made part of the judgment against Andin and Sam's Club.

10. That Yurman be awarded punitive damages.

11. That Yurman be awarded such additional and further relief as the Court deems just and proper.

Dated: New York, New York
February 8, 2008

ARNOLD & PORTER LLP

By: ______________________

Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
399 Park Avenue
New York, New York 10022
(212) 715-1000
Attorneys for Defendant-Counterclaimant

Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000
Attorneys for Defendant-Counterclaimant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANDIN INTERNATIONAL, INC.,

Plaintiff,

- against -

YURMAN STUDIO, INC.

Defendant.

Civil Action No.

YURMAN STUDIO, INC.

Defendant-Counterclaimant,

- against -

ANDIN INTERNATIONAL, INC. and WAL-MART STORES, INC.

Counterclaim-Crossclaim Defendants.

# EXHIBIT A

# CERTIFICATE OF REGIS. RATION




OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

REGISTER OF COPYRIGHTS
United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE



VA 1-024-276

EFFECTIVE DATE OF REGISTRATION

Aug 21 2000
Month Day Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

## 1

**TITLE OF THIS WORK ▼**
Pave Collection Enhancer D06384

**NATURE OF THIS WORK ▼** See instructions
Jewelry Design

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

## 2

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

a **NAME OF AUTHOR ▼**
David Yurman

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1942 Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ U.S.A. / Domiciled in ▶ New York

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☑ Jewelry design ☐ Architectural work

b **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ / Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

## 3

a **Year in Which Creation of This Work Was Completed** 1997 ◀ Year — This information must be given in all cases.

b **Date and Nation of First Publication of This Particular Work** — Complete this information ONLY if this work has been published.
Month ▶ March Day ▶ 13 Year ▶ 1997
◀ Nation

## 4

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Yurman Design Inc.
501 Madison Avenue
New York, NY 10022

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
Assignment from David Yurman

DO NOT WRITE HERE / OFFICE USE ONLY
APPLICATION RECEIVED AUG 21 2000
ONE DEPOSIT RECEIVED
TWO DEPOSITS RECEIVED AUG 21 2000
FUNDS RECEIVED

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page. • See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

EXAMINED BY DW

CHECKED BY

FORM VA

☐ CORRESPONDENCE Yes

FOR COPYRIGHT OFFICE USE ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**5**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼ **Year of Registration** ▼

**6**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
**a. Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

a — See instructions before completing this space.

**b. Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

b

**7**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼ Account Number ▼

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

b

Joseph Ramirez/Yurman Design Inc.
501 Madison Avenue
New York, NY 10022

Area code and daytime telephone number ▶ (212) 896-1550 Fax number ▶ (212) 593-1597

Email ▶ jramirez@davidyurman.com

**8**

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of Yurman Design Inc.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Joseph Ramirez Date ▶ July 28, 2000

Handwritten signature (X) ▼
X [signature]

**9**

**Certificate will be mailed in window envelope to this address.**

Name ▼
Yurman Design Inc. / Joseph Ramirez

Number/Street/Apt ▼
501 Madison Avenue

City/State/ZIP ▼
New York, NY 10022

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 1999, the filing fee for Form VA is $30.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

D06384



PAVE

Louis S. Ederer (LE 7574)
John Maltbie (JM 3658)
Arnold & Porter LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000
Attorneys for Defendant-Counterclaimant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

ANDIN INTERNATIONAL, INC.

Plaintiff,

- against -

YURMAN STUDIO, INC.

Defendant.

------------------------------------------------------------ x

YURMAN STUDIO, INC.

Defendant-Counterclaimant,

- against -

ANDIN INTERNATIONAL, INC. and WAL-MART STORES, INC.

Counterclaim-Crossclaim Defendants.

------------------------------------------------------------ x

Civil Action No.

# EXHIBIT B

...and vary by .05 carat. Typographic errors are subject to correction. Jewelry items may be enlarged to show beauty of detail. Pricing good through December 31, 2007.



**The tree is decorated, now it's your turn.**

**.23 ct. t.w. Diamond Pave Sterling Silver Earrings** with 14k Yellow Gold Accent - $161.88

**.23 ct. t.w. Diamond Pave Sterling Silver Pendant** with 14k Yellow Gold Accent - $146.82

**.23 ct. t.w. Diamond Pave Sterling Silver Ring** with 14k Yellow Gold Accent - $149.88

**.18 ct. t.w. Diamond Pave Sterling Silver Bangle** with 14k Yellow Gold Accent - $162.78




ccepted at Sam's Club®

enjoy the possibilities℠

