USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ANDIN INTERNATIONAL, INC,                 :    Civil Action No. 08 cv 1159
                   Plaintiff,             :
        - against -                       :    ECF CASE
YURMAN STUDIO, INC.                       :    **STIPULATION AND ORDER**
                   Defendant.             :
------------------------------------------------------------ x
YURMAN STUDIO, INC.                       :
                   Defendant-             :
                   Counterclaimant,       :
        - against -                       :
ANDIN INTERNATIONAL, INC.,                :
WAL-MART STORES, INC., and                :
VARDI GEM LUSTRE, LLC                     :
                   Counterclaim-          :
                   Crossclaim Defendants. :
------------------------------------------------------------ x

WHEREAS, the undersigned parties having appeared by counsel for a status conference in the above action on February 26, 2008, and having raised certain issues to the Court concerning certain matters to be dealt with regarding the sales of the goods at issue in this case by plaintiff Andin International, Inc. ("Andin"), crossclaim defendant Wal-Mart Stores, Inc. /Sam's Club ("Wal-Mart"), and non-party JC Penney, Inc. ("JC Penney"), and the parties having agreed on procedures for dealing with such issues and other matters.

1

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:

1. That defendant-counterclaimant Yurman Studio, Inc. ("Yurman") shall not seek relief under Federal Rule 65, or otherwise seek to enjoin or interfere with, in this or any other action, the following sales of the goods at issue in this action by the following parties (collectively the "Interim Sales"):

    a. Sales by Wal-Mart to retail customers of the following units of the goods at issue, namely 1,164 units of rings, 1,254 units of earrings, and 1,400 units of pendants, that Andin has committed to sell to Wal-Mart; and

    b. Sales by JC Penney to retail customers of the following units of the goods at issue: 800 units of rings, 760 units of earrings, and 800 units of pendants, that, Andin has committed to sell to JC Penney in connection with a March 2008 promotion.

It being provided that Yurman's requests for discovery in this action of and from Wal-Mart and/or JC Penney shall not be considered a violation of Paragraph 1, and it being further provided that the foregoing is without prejudice to Yurman's right to seek permanent injunctive relief at trial with respect to the Interim Sales, to the extent they are continuing at that time.

2. That Andin shall not, during the pendency of this action, and until final judgment or other resolution thereof, sell or deliver to Wal-Mart or JC Penney any units of the goods at issue in addition to the units referred to in Paragraph 1 above.

3. That Andin shall, no later than the close of business on March 5, 2008, post a bond in the amount of $250,000, for the payment of such costs and damages as may be incurred by Yurman as the result of the Interim Sales by Wal-Mart and JC Penney, and any prior sales of the goods at issue by Wal-Mart, provided that (a) such bond only relates to and shall cover any costs or damages or other monetary relief arising out of sales by Wal-Mart and JC Penney, and not sales by Andin or by any other customer of Andin; (b) Yurman shall be entitled to recover damages in this action against Andin, as indemnitor of Wal-Mart and JC Penney, to the same extent that it could have recovered damages against Wal-Mart and JC Penney were they parties to this action; (c) Yurman shall look only to Andin to recover any damages it might have been entitled to recover against Wal-Mart and JC Penney were they parties to this action, and Andin shall not take the position that Yurman is not entitled to recover such damages as against Andin because Wal-Mart and JC Penney are not parties to this action; (d) to the extent Yurman proves it is entitled to recover an award of more than $250,000 in damages arising out of acts or conduct of Wal-Mart and JC Penney, it may do so against Andin, and not against Wal-Mart or JC Penney, and will look to impose liability on and to enforce any such award only against Andin; and (e) the foregoing shall be without prejudice to Yurman's right to seek recovery of any additional or other damages against Andin as the result of Andin's acts or conduct.

4. The provisions of this Stipulation and Order shall not take effect until the bond referred to in Paragraph 3 is filed with the Court. The stipulated amount of said bond is without prejudice to any party's position as to the actual amount of costs and damages incurred by Yurman, if any, as the result of the Interim Sales or any prior sales by Wal-Mart.

5. Subject to Yurman's right, as hereinbefore provided, to proceed against Andin to recover any costs and damages that it might incur as the result of Wal-Mart's conduct and activities, and

3

further subject to the following, Yurman's crossclaims against Wal-Mart shall be and are hereby dismissed with prejudice.

6. Wal-Mart agrees to be bound by a final injunctive order in this case on the merits, as if such order issued against Wal-Mart as a party hereto. Service of a copy of a final order or judgment herein upon Wal-Mart's undersigned counsel shall constitute good and sufficient notice of the same.

7. Wal-Mart agrees to provide discovery in this action as if it were a party thereto, and to be subject to all of the discovery obligations imposed upon a party by the Federal Rules, with service of any discovery requests upon Wal-Mart's undersigned counsel to be deemed good and sufficient service thereof, and further, Wal-Mart shall continue to be subject to the jurisdiction of this Court with respect to the enforcement of any of its discovery obligations. Wal-Mart shall further make available a witness at the trial of this action if reasonably requested to do so by Yurman.

8. Yurman agrees to file a Notice of Dismissal With Prejudice of Wal-Mart within two business days after filing of the bond described above.

9. Andin's cause of action against Yurman for tortious interference (Count III in Andin's complaint) shall be and hereby is dismissed with prejudice.

10. Except as otherwise hereinbefore provided, the foregoing is without prejudice to any position any party may take in this action, on the merits or otherwise, and shall not constitute an admission of liability or an admission against interest by any party.

4

DATED:    New York, New York
          February 29, 2008

STIPULATED AND AGREED:

ROTTENBERG LIPMAN RICH, PC
Attorneys for Andin International, Inc.

By: _____
       Mark M. Rottenberg, Esq.

ARNOLD & PORTER, LLP
Attorneys for Yurman Studio, Inc.

By: _____
       Louis S. Ederer, Esq.

WILMER CUTLER PICKERING HALE AND DORR
Attorneys for Wal-Mart Stores, Inc. /Sam's Club

By: _____
       Thomas P. Olson, Esq.

SO ORDERED:

_____
HAROLD BAER, USDJ

Date: 2/29/08