UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ANDIN INTERNATIONAL, INC.

        Plaintiff,                   CIVIL ACTION NO. O8 CV 01159(HB)

   v.                                   ECF CASE

YURMAN STUDIO, INC.,

        Defendant.
-----------------------------------------------------------X

YURMAN STUDIO, INC.
        Defendant-
        Counterclaimant,
   v.

ANDIN INTERNATIONAL, INC. and
WAL-MART STORES, INC.,
        Counterclaim
        Crossclaim Defendants.
-----------------------------------------------------------X

<u>REPLY TO COUNTERCLAIMS OF ANDIN INTERNATIONAL, INC.</u>

        Plaintiff/Counterclaim defendant Andin International, Inc. ("Andin"), by and through its undersigned attorneys, for its Reply to the First Amended Answer, Counterclaims and Crossclaims dated February 14, 2008 (the "Counterclaims") of defendant/Counterclaimant Yurman Studio, Inc. ("Yurman"), responds as follows:

        1.     Denies each of the allegations contained in paragraph 52.

        2.     Denies each of the allegations contained in paragraph 53, except admits that this action is purportedly brought under 17 U.S.C. § 101 and 15 U.S.C. § 1051, and that the Court purportedly has jurisdiction under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

       3.       Denies each of the allegations contained in paragraph 54 of the Counterclaim, except admits that Andin resides and does business within this district.

       4.       Denies knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in paragraph 55.

       5.       Denies knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in paragraph 56.

       6.       Admits each of the allegations contained in paragraphs 57.

       7.       Denies knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in paragraph 58.

       8.       Denies knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in paragraph 59.

       9.       Denies knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in paragraph 60.

       10.       Denies knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in paragraph 61.

       11.       Denies knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in paragraph 62.

       12.       Denies knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in paragraph 63 of the Counterclaim.

       13.       Denies each of the allegations contained in paragraphs 64, except admits that Yurman has registered with the United States Copyright Office the design identified in Copyright Registration No. VA 1-0240276.

14. Denies knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in paragraph 65 as the allegations contained therein call for a legal conclusion.

15. Denies knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in paragraph 66 of the Counterclaim.

16. Denies each of the allegations contained in paragraph 67.

17. Denies each of the allegations contained in paragraph 68.

18. Denies each of the allegations contained in paragraph 69.

19. Denies each of the allegations contained in paragraph 70.

20. Denies each of the allegations contained in paragraph 71.

21. Denies knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in paragraph 72.

22. Denies knowledge or information sufficient to form a belief as to the truth of each of the allegations contained in paragraph 73.

23. Denies each of the allegations contained in paragraph 74.

24. Denies each of the allegations contained in paragraph 75.

25. Admits each of the allegations contained in paragraphs 76.

26. Denies each of the allegations contained in paragraph 77.

27. Denies each of the allegations contained in paragraph 78.

28. Admits each of the allegations contained in paragraphs 79.

29. Admits each of the allegations contained in paragraphs 80 of the Counterclaim.

30. Denies each of the allegations contained in paragraph 81 of the Counterclaim, except admits that Andin has sold merchandise to Sam's Club and that Sam's Club has advertised Andin's products by way of an advertisement from the December 3, 2007 issue of *People Magazine*.

31. Denies the allegations contained in paragraph 82.

## COUNT I - COPYRIGHT INFRINGEMENT

32. Repeats and realleges its responses to paragraphs 52 through 82 of the Counterclaim as if set forth at length herein.

33. Denies each of the allegations contained in paragraph 84.

34. Denies each of the allegations contained in paragraph 85.

35. Denies each of the allegations contained in paragraph 86.

36. Denies each of the allegations contained in paragraph 87.

## COUNT II – TRADE DRESS INFRINGEMENT

37. Repeats and realleges its responses to paragraphs 52 through 87 of the Counterclaim as if set forth at length herein.

38. Denies each of the allegations contained in paragraph 89.

39. Denies each of the allegations contained in paragraph 90.

40. Denies each of the allegations contained in paragraph 91.

41. Denies each of the allegations contained in paragraph 92.

42. Denies each of the allegations contained in paragraph 93.

43. Denies each of the allegations contained in paragraph 94.

### COUNT III – COPYRIGHT INFRINGEMENT

44. Repeats and realleges its responses to paragraphs 52 through 94 of the Counterclaim as if set forth at length herein.

45. Denies each of the allegations contained in paragraph 96.

46. Denies each of the allegations contained in paragraph 97.

47. Denies each of the allegations contained in paragraph 98.

48. Denies each of the allegations contained in paragraph 99.

### COUNT IV – TRADE DRESS INFRINGEMENT

49. Repeats and realleges its responses to paragraphs 52 through 99 of the Counterclaim as if set forth at length herein.

50. Denies each of the allegations contained in paragraph 101.

51. Denies each of the allegations contained in paragraph 102.

52. Denies each of the allegations contained in paragraph 103.

53. Denies each of the allegations contained in paragraph 104.

54. Denies each of the allegations contained in paragraph 105.

55. Denies each of the allegations contained in paragraph 106.

### COUNT V – COMMON LAW UNFAIR COMPETITION

56. Repeats and realleges its responses to paragraphs 52 through 106 of the Counterclaim as if set forth at length herein.

57. Denies each of the allegations contained in paragraph 108.

58. Denies each of the allegations contained in paragraph 109.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

59.     Andin's designs at issue do not infringe on Yurman's copyright or otherwise unfairly compete with Yurman because the parties' designs are not confusingly similar and use of non-distinctive designations of its registration of the copyright does not create a likelihood of confusion with Yurman's design, nor does it violate any of the alleged rights set forth in the Counterclaim.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

60.     Yurman's alleged copyright is non-distinctive, weak and substantially identical designs are used by numerous third parties in the jewelry business.  Yurman is entitled, therefore, only to a narrow ambit of protection against the use of a similar copyright by others for directly competing goods.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

61.     All actions taken by Andin were innocent and done without intent to harm Yurman.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

62.     The Counterclaim fails to state a claim upon which relief can be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

63.     Yurman's claims are barred in whole in part by the doctrines of waiver, estoppel and consent.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

64.     Yurman's alleged trade dress is undefined and therefore invalid and unenforceable and Yurman's alleged trade dress does not have a secondary meaning.

WHEREFORE, Andin respectfully requests that this Court deny Yurman's request for relief in its entirety and grant Andin costs and attorneys' fees in defending against the Counterclaim and such other and further relief as this Court deems just and proper.

Dated:  New York, New York
       March 14, 2008

                                  ROTTENBERG LIPMAN RICH, P.C.

                                  By:       /s/ Mark M. Rottenberg
                                      Mark M. Rottenberg (MR 6491)
                                369 Lexington Avenue, 16th Fl
                                New York, New York 10017
                                Tel. (212) 661-3080
                                Attorneys for Plaintiff-Counterclaim Defendant
                                Andin International, Inc.