U.S. DISTRICT JUDGE
S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDIN INTERNATIONAL, INC.
Plaintiff,

- against -

YURMAN STUDIO, INC.
Defendant.

Civil Action No. 08 cv 1159 (HB)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/7/08

YURMAN STUDIO, INC.
Defendant-
Counterclaimant,

- against -

ANDIN INTERNATIONAL, INC.
and VARDI GEM LUSTRE, LLC

Counterclaim-
Crossclaim Defendants.

## STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties to this action as follows:

## I. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

**2. DEFINITIONS**

2.1. Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. Disclosure or Discovery Material: all items or infonnation, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3. "CONFIDENTIAL" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4. "CONFIDENTIAL -- ATTORNEYS ONLY" Information or Items: competitive analysis, non-public financial information, competitive pricing information, strategic planning information and similar sensitive information the disclosure of which Designating Party in good faith believes would cause direct harm to the competitive position of the Party Designating.

2.5. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6. Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.[1]

[1] Yurman Studio Inc.'s crossclaims against Wal-Mart Stores, Inc. ("Wal-Mart") have been dismissed with prejudice. However, Wal-Mart has a agreed, among other things, to provide discovery in this action as if it were a party as specified in more detail in the Stipulation and

(Footnote Cont'd on Following Page)

2.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS ONLY."

2.8. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS ONLY."

2.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10. House Counsel: attorneys who are employees of a Party.

2.11. Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

(Footnote Cont'd From Previous Page)
Order, dated February 29, 2008. Wal-Mart also has agreed to be a signatory to this Protective Order.

parties or counsel to or in court or in other settings that might reveal Protected Material.

**4. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5. DESIGNATING PROTECTED MATERIAL**

5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2. Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS ONLY" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days from the date of receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL or "CONFIDENTIAL -- ATTORNEYS ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL or "CONFIDENTIAL -- ATTORNEYS ONLY."

5.3. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATION**

6.1. Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3. Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion in accordance with the local rules of this Court that identifies the challenged

material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, trial, or other court proceedings, witnesses in the action (and their counsel) to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

(h) any other persons that tbe court designates, in the interests of justice, upon such terms as the court deems proper.

7.3. Disclosure of "CONFIDENTIAL -- ATTORNEYS ONLY" Information or Items: unless otherwise ordered by the Court or permitted in writing by the Designating party, Receiving Party may disclose any information or item designated or CONFIDENTIAL -- ATTORNEYS ONLY only to:

(a) outside counsel or record to this action and necessary clerical and legal support personnel employed by counsel;

(b) house counsel and necessary clerical or legal support personnel employed by such counsel;

(c) experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) the author of the document or the original source of the information.

(g) any other persons that the court designates, in the interests of justice, upon such terms as the court deems proper.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. FILING PROTECTED MATERIAL**

Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS ONLY" that is included in any legal paper (i.e., a paper intended to be filed with the Court) served in this action, whether appended as an exhibit or incorporated into a pleading, affidavit, declaration, memorandum of law or other legal document, shall be subject to the terms of this Stipulated Protective Order, and such information may be disclosed only to those persons identified in paragraph 7.2 above (with respect to information designated as "CONFIDENTIAL") and to those persons identified in paragraph 7.3 above (with respect to information designated as "CONFIDENTIAL -- ATTORNEYS ONLY). Any legal paper, document or thing filed with the clerk of the Court that contains any information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS ONLY"shall be stamped or marked "CONFIDENTIAL" and shall be filed under seal with a cover sheet bearing the caption of this action and containing the following notice:

**CONFIDENTIAL -- SEALED BY ORDER OF THE COURT. FILED PURSUANT TO COURT ORDER TO BE OPENED ONLY AS DIRECTED BY THE COURT**

Notwithstanding the foregoing, a second copy of any legal paper specifically intended for review by the Court may be hand-delivered to the Court's chambers for in camera review provided that the cover page of the legal paper be marked with the caption of the case and the notation:

CONTAINS CONFIDENTIAL INFORMATION

Notwithstanding the foregoing, where a party wishes to include in a legal paper a writing containing information that has been designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS ONLY," but the confidential information contained in such writing is not relevant to the purpose for which the writing is being offered to the Court, the party including such writing in a legal paper may, in lieu of the procedures set forth above, submit a redacted copy of the writing. In such event, the redaction must be indicated by placing the designation "REDACTED - CONFIDENTIAL INFORMATION" in the place(s) on the writing in close proximity to where the confidential information would have appeared.

Except for material filed with the clerk of the Court or delivered to the Court as provided above, all materials containing information that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS ONLY" shall be stored under the direct control of counsel for the receiving party, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Stipulated Protective Order.

**11. FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must destroy all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Upon destruction, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision. Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work

product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12. DISCLOSURE OF PROTECTED MATERIAL BY NON-PARTIES**

Non-parties who provide information in response to a subpoena or discovery request may invoke the protection of this Order by (a) designating that information "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS ONLY" in accordance with this Order; and (b) signing a copy of this Order. Any non-party who invokes the protection of this Order shall also be bound by its obligations.

**13. MISCELLANEOUS**

13.1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

The parties, by their undersigned counsel, hereby consent to the entry of the foregoing Order.

Dated: April 3, 2008
New York, New York

TROUTMAN SANDERS LLP

Oren J. Warshavsky

The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212)704-6213
oren.warshavsky@troutmansanders.com

*Attorneys for Plaintiff-Counterclaim Defendant Andin International, Inc.*

ARNOLD & PORTER LLP

Louis S. Ederer
Marla Eisland Sprie
John Maltbie

399 Park Avenue
New York, New York 10022
(212) 715-1000
louis.ederer@aporter.com
marla.sprie@aporter.com
john.maltbie@aporter.com

*Attorneys for Defendant-Counterclaimant Yurman Studio, Inc.*

WILMER CUTLER PICKERING
HALE AND DORR LLP

Thomas P. Olson
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
thomas.olson@wilmerhale.com

*Attorneys for Wal-Mart Stores, Inc.*

Dated: April 3, 2008
New York, New York

TROUTMAN SANDERS LLP

_______________________
Oren J. Warshvsky

The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212)704-6213
oren.warshavsky@troutmansanders.com

*Attorneys for Plaintiff-Counterclaim Defendant Andin International, Inc.*

ARNOLD & PORTER LLP

_______________________
Louis S. Ederer
Marla Eisland Sprie
John Maltbie

399 Park Avenue
New York, New York 10022
(212) 715-1000
louis.ederer@aporter.com
marla.sprie@aporter.com
john.maltbie@aporter.com

*Attorneys for Defendant-Counterclaimant Yurman Studio, Inc.*

WILMER CUTLER PICKERING
HALE AND DORR LLP

_______________________
Thomas P. Olson
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
thomas.olson@wilmerhale.com

*Attorneys for Wal-Mart Stores, Inc.*

Dated: April 3, 2008
New York, New York

TROUTMAN SANDERS LLP

Oren J. Warshvsky

The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212)704-6213
oren.warshavsky@troutmansanders.com

*Attorneys for Plaintiff-Counterclaim Defendant Andin International, Inc.*

ARNOLD & PORTER LLP

Louis S. Ederer
Marla Eisland Sprie
John Maltbie

399 Park Avenue
New York, New York 10022
(212) 715-1000
louis.ederer@aporter.com
marla.sprie@aporter.com
john.maltbie@aporter.com

*Attorneys for Defendant-Counterclaimant Yurman Studio, Inc.*

WILMER CUTLER PICKERING
HALE AND DORR LLP

Thomas P. Olson
Thomas P. Olson
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 663-6000
thomas.olson@wilmerhale.com

*Attorneys for Wal-Mart Stores, Inc.*

SO ORDERED:

Harold Baer, Jr., U.S.D.J.

Date: 4/7/08

**Sealed documents may be unsealed, upon notice to the parties, pursuant to further order of the Court.**

**SO ORDERED:**

**Hon. Harold Baer, Jr., U.S.D.J.**

**Date:** 4/7/08

SO ORDERED:

______________________________
United States District Judge

Dated: April __, 2008
New York, New York

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

ANDIN INTERNATIONAL, INC.
Plaintiff,

- against -

YURMAN STUDIO, INC.
Defendant.

---------------------------------------------------------- x

YURMAN STUDIO, INC.
Defendant-
Counterclaimant,

- against -

ANDIN INTERNATIONAL, INC.
and VARDI GEM LUSTRE, LLC

Counterclaim-
Crossclaim Defendants.

---------------------------------------------------------- x

Civil Action No. 08 cv 1159 (HB)

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name], of ________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on _______________ in above captioned case. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ______________________ [print or type full name] of ______________________________ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________

City and State where sworn and signed: ______________________

Printed name: ______________________

Signature: ______________________