UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

ANDIN INTERNATIONAL, INC.,

       Plaintiff,

   -against-

YURMAN STUDIO, INC.,

       Defendant.

------------------------------------ x

YURMAN STUDIO, INC.,

       Defendant-
       Counterclaimant,

   -against-

ANDIN INTERNATIONAL, INC. and
VARDI GEM LUSTRE, LLC

       Counterclaim-
       Crossclaim Defendants.

------------------------------------ x

Civil Action No. 08 cv 1159 (HB)

---

### DECLARATION OF SCOTT LYLE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

Scott Lyle declares as follows:

   **1.**   I am a Vice President of Sales for Andin International, Inc. ("Andin").

   **2.**   I have worked at Andin for a total of fourteen (14) years. This period has not been consecutive. I began working at Andin in 1989, and in 1992 I moved to

another jewelry company called Peter Brams. I was the Vice President of sales at Peter Brams. In 1998, I returned to Andin.

3. Andin markets its jewelry to middle market consumers. Given Andin's end consumers, Andin's clients are stores that sell jewelry at a discount from the manufacturer's suggested retail price. This can include stores that always sell at a discount as well as stores that provide seasonal discount sales.

4. As part of my job, I review the items that jewelry retailers are selling. Likewise, I attend jewelry industry trade shows.

5. I have been attending jewelry industry trade shows for the last fifteen years.

6. During the time period relevant to this case, I have been Andin's sales representative to JC Penney and a company called Friedman Jewelers, which closed at the end of 2007.

7. I am familiar with David Yurman's name. I have seen his jewelry cases in certain stores. Unlike Andin, which sells to middle market, David Yurman is a luxury brand, meaning that Yurman products are associated with luxury and high price. I have seen some of Yurman's advertisements. In each advertisement that I recall, Yurman is really selling what I would call a "lifestyle" – there is a model wearing some jewelry, but the focus is on the model and other lifestyle images (such as a beach, a fancy car, luxurious furnishings, etc.).

8. To my knowledge, Yurman's products are not sold in the same settings that Andin's products are sold in. Simply put, to my knowledge, Yurman sells to high end sophisticated purchasers, who would not purchase jewelry from the department stores that sell Andin's jewelry, such as JC Penney or Sears.

9. To my knowledge, David Yurman sells its product in stores such as Neiman Marcus, Saks Fifth Avenue, Bergdorf Goodman, Bailey Banks & Biddle, and the like. Andin does not sell to these types of luxury retailers.

10. I have never been to a Yurman store. I have never purchased a piece of Yurman jewelry. To my knowledge, Andin is not now, nor has it ever been, in possession of any Yurman jewelry. As I explained in my deposition, I do not know what design elements Yurman claims as his own. I had not seen the Yurman pieces at issue in this case prior to this dispute.

11. I did see the Yurman pieces (copies of which are attached to Mr. Azrielant's declaration) after this dispute arose. As far as I can tell, the Yurman pieces consist of elements that are common in the industry. Simply put, the use of pave diamonds, gold accents (or gold framing) and silver framing are well known and have been used by various jewelers for many years, and, frankly, I did not understand that anyone could claim rights in pieces which are commonly used.

12. Although I have seen Yurman's advertisements and billboards, I have no recollection of ever seeing any advertisements or promotion featuring the pieces at issue in this case.

13. I was not involved in the creation of the Andin Ring, or any of the other products accused with infringement here.

14. When I first saw the Andin Ring designed by Ramona Azulay, I did not believe that it looked like any particular ring I had seen before.

15. When I first saw the Andin Ring designed by Ramona Azulay I did think that it had elements similar to a variety of other jewelry commonly sold by third parties, which, as stated above, includes a pave field with gold accents and silver framing.

Products with these features are sold by a variety of retailers, and I do not believe that any of these elements are associated with a single jewelry designer.

16. I showed the Andin Ring, Andin Pendant and Andin Earrings that are at dispute here to JC Penney. At no time did anyone at JC Penney suggest that any of these products looked like the products of another designer. At no time did anyone suggest that Andin's products are similar to Yurman.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Scott Lyle